**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MICHAEL TIMOTHY SHUBONEY,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-0085-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant,**
**____________________________________/**

**ORDER**

Plaintiff appeals the administrative decision denying his application for supplemental security income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **AFFIRMED.**

## I. Background

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> On November 12, 2021, Plaintiff protectively filed an SSI application, claiming disability due to severe anxiety and diabetes (Tr. 213-227, 259). The Social Security Administration denied Plaintiff's application initially and on reconsideration (Tr. 102 106, 108-111), and Plaintiff requested a hearing before an ALJ (Tr. 113-116). On March 7, 2025, the ALJ held a hearing at which Plaintiff and a vocational expert testified (Tr. 38-74). On April 25, 2025, the ALJ issued a decision, finding Plaintiff not disabled (Tr. 14-31). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5). Thus, the ALJ's decision stands as the Commissioner's final decision subject to judicial review.

(Doc. 19 at 1-2).

Plaintiff was 32 years old on the date he filed his SSI application (Tr. 29, 216). Plaintiff has a high school education and previous work in retail. (Tr. 260, 314). Based on a review of the record, the ALJ found that Plaintiff had the severe impairment of anxiety disorder. (Tr. 19).

The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some non-exertional limitations. The ALJ found:

> The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: He can maintain attention, concentration, and pace for simple tasks and can understand and remember simple instructions. He can have no public contact but can tolerate occasional contact coworker and supervisor other than periods of instruction (such as initial training and explanation of changes to routine or tasks). The claimant can make simple work-related decisions and can adapt to occasional changes consistent with simple tasks. He can perform tasks that do not involve a specific production rate pace, such as assembly line work or an hourly production quota.

(Tr. 23).

Based upon the RFC, and relying upon the testimony of a vocational expert, the ALJ found that an individual with Plaintiff's age, education, work experience, and RFC could perform work that exists in significant numbers in the national economy, such as the jobs of Cleaner, Stores Laborer, Cleaner II, and Icer. (Tr. 30). Accordingly, the ALJ found that Plaintiff was not disabled. (Tr. 31).

## II. Standard of Review

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III. Discussion

The sole issue raised by Plaintiff on appeal is whether the ALJ failed to properly consider Plaintiff's allegations and subjective complaints. (Doc. 18).

### A. The Applicable Regulations

As a preliminary matter, Plaintiff acknowledges that his claim is subject to the updated regulatory framework for evaluating medical opinions. For claims filed on or after March 27, 2017, the Social Security Administration issued revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions.").

The regulations impact agency policy in several important respects and contain several significant changes to prior medical evidence rules. *See* 81 Fed. Reg. at 62,560. To begin, the revised regulations redefine how evidence is categorized. Under the revised regulations, there are five categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence, (4) evidence from nonmedical sources; and (5) prior administrative medical findings. See 20 C.F.R. § 416.913(a)(2017).

Second, the definition of "medical opinion" has been considerably revised. For claims filed by adults on or after March 27, 2017, the regulations provide:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .

> Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co- workers, or work pressures in a work setting;
>
> Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2) (2017).

Third, for claims filed on or after March 27, 2017, the regulations change how the agency considers medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c (2017). Notably, the regulations no longer use the term "treating source," but refer to "your medical source(s)." 20 C.F.R. § 416.920c (2017). The Commissioner intentionally chose not to retain the "treating source rule" that previously required deference to treating source opinion evidence. *See* 82 Fed. Reg. at 5883. Rather, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id.* § 416.920c(c)(1)-(5).

### B. THE ALJ'S CONSIDERATION OF PLAINTIFF'S ALLEGATIONS AND SUBJECTIVE COMPLAINTS

The Court thus turns to Plaintiff's argument that the ALJ erred by not properly considering Plaintiff's allegations and subjective complaints.

Plaintiff contends that the ALJ did not properly consider subjective complaints, allegations, and statements from Plaintiff himself, his mother, and his job coach. Plaintiff argues that the ALJ erred in failing to credit Plaintiff's subjective complaints, particularly as to the ALJ's consideration of daily activities. Plaintiff argues that the ALJ's citation to Plaintiff's daily activities was a legally deficient reason to find his allegations unpersuasive. (Doc. 18 at 10). Plaintiff also argues that the ALJ's citation to positive and normal findings by health care providers is not evidence of being stable enough to work. Plaintiff contends that his work coach's assessment that he had severe limitations is consistent with Plaintiff's own allegations. Plaintiff also contends that Plaintiff's allegations are consistent with consultative psychologist Dr. Brownfeld's opinion that Plaintiff would have moderate limitations in regulating emotions, controlling behavior, and maintaining well-being. Plaintiff argues that when evaluating a claimant's medical records, the ALJ must consider the relaxed, controlled setting of a medical clinic as compared to the stressful environment of a workplace. (Doc. 18 at 13).

Plaintiff's argument is unavailing. As Defendant correctly observes, substantial evidence supports the ALJ's RFC determination and evaluation of Plaintiff's subjective complaints regarding his condition.

First, the ALJ thoroughly considered Plaintiff's subjective complaints and found they were inconsistent with his reported activities of daily living. (Tr. 24). The ALJ noted that

Plaintiff could go out alone, ride in a car, use a computer, manage finances, shop in stores, play video games, and attend appointments. (Tr. 24, 270-273). The ALJ noted that many of these activities involved public engagement. (Tr. 24, 273). As the Defendant points out, Plaintiff's activities of daily living were considered as merely "one piece of the evidence that was inconsistent with Plaintiff's alleged symptoms and limitations." (Doc. 19 at 7).

The ALJ also considered the medical evidence as a whole and concluded that, while the medical evidence supported some limitations, it did not support the degree of limitations that Plaintiff alleged. For example, the ALJ relied upon numerous generally normal mental status examinations noting normal thought process and content, good insight and judgment, good attention and concentration, and other indications of normal mental status. (Tr. 533, 536, 538, 643, 787, 789, 813, 821, 831-32, 893, 907, 955-56, 1054, 1104-05, 1136). The ALJ also relied on consultative psychological evaluations finding Plaintiff's mental status to be generally unremarkable. (Tr. 936-37, 944-45). Notably, during an evaluation on May 3, 2024, Dr. Brownfeld found Plaintiff to have good judgment, good insight and an overall "good prognosis." (Tr. 945-46).

Further, ALJ found that Plaintiff received conservative care that was effective in controlling his symptoms. (Tr. 26). *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (consideration of conservative treatment permitted). The ALJ expressly discussed Plaintiff's medication, regular mental health care, and found that the treatment had an overall positive impact on Plaintiff's condition. (Tr. 26).

The ALJ also expressly considered the persuasiveness of the medical opinions and prior administrative medical findings under 20 C.F.R. § 416.920c. (Tr. 26-28). The ALJ found the opinions of consultative psychologist Adam Brownfeld, Ph.D., to be persuasive, but

considered one opinion only partially persuasive because it did not describe in vocational terms what Plaintiff could do. (Tr. 26-27). The ALJ also declined to credit the opinions of State agency psychological consultants who found no severe mental impairment and greater functional abilities. (Tr. 27-28). Instead, the ALJ found that the evidence supported greater limitations as reflected in the RFC.

Finally, the ALJ did not err in considering the third-party, non-medical statements from Plaintiff's job coach and his mother (Tr. 28-29). As Defendant correctly notes, neither the job coach nor the parent was a medical source. To qualify as a medical source, the source generally must be a licensed healthcare worker. See 20 C.F.R. § 416.902(i). As defined in the regulations, the job coach and Plaintiff's mother were nonmedical sources. 20 C.F.R. § 416.902(j). The ALJ was not required to consider evidence from non-medical sources for persuasiveness under 20 C.F.R. § 416.920c.

In all respects, the ALJ's analysis was proper under the applicable regulations. The Court agrees that the ALJ had explicit and adequate reasons to reject Plaintiff's statements and allegations regarding his symptoms and limitations. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). As explained above, substantial evidence supports the ALJ's RFC.

For the forgoing reasons, I find that the ALJ's decision should be affirmed because substantial evidence supports the ALJ's findings regarding Plaintiff's condition, the RFC, and Plaintiff's limitations. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

## IV. CONCLUSION

Upon due consideration and for the reasons stated above, the ALJ'S decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** AND **ORDRED** in Ocala, Florida on October 30, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Party
Courtroom Deputy